**United States District Court**
For the Northern District of California

1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    NORTHERN DISTRICT OF CALIFORNIA

8

9

10

11

12

13   GWENDOLYN SMITH, et al.,

14            Plaintiffs,                          No. C 12-5451 PJH

15        v.                                       **ORDER FOR FURTHER BRIEFING**

16   BARBARA WILT,

17            Defendant.

_____/

18

19        Plaintiffs Gwendolyn Smith and Zeus Harrison Smith filed this action on October 22,

20   2012, against defendant Barbara Wilt ("Wilt").  The original complaint alleged claims of

21   breach of contract and "false light conspiracy," in connection with a landlord tenant dispute.

22   On February 15, 2013, Wilt filed a motion to dismiss and an anti-SLAPP motion to strike,

23   pursuant to California Code of Civil Procedure § 425.16, or in the alternative, a motion for a

24   more definite statement.  On March 1, 2013, plaintiffs filed an opposition to Wilt's motions,

25   but also filed a first amended complaint ("FAC"), alleging claims of breach of contract, "false

26   light," and civil conspiracy to commit invasion of privacy by false light.

27        On March 18, 2013, plaintiffs filed a motion for leave to file a second amended

28   complaint ("SAC"), to which Wilt filed a statement of non-opposition.  The court granted the

United States District Court

For the Northern District of California

1  motion, and on April 18, 2013, plaintiffs filed the SAC, which alleges claims of breach of

2  contract, fraudulent inducement, fraudulent misrepresentation, and conspiracy to defraud.

3        On May 1, 2013, Wilt filed a motion to dismiss the SAC pursuant to Federal Rule of

4  Civil Procedure 12(b)(6), arguing that plaintiffs' claims are time-barred.  Plaintiffs filed an

5  opposition on May 15, 2013, arguing that the court should find that the complaint is not

6  time-barred, based on application of the discovery rule and the doctrine of equitable tolling.

7  Wilt filed a reply on May 31, 2013, in which she responded to plaintiffs' arguments, and also

8  argued (among other things) that plaintiffs' claims are barred by res judicata.

9        The doctrine of "res judicata" insures the finality of decisions, conserves judicial

10  resources, and protects litigants from multiple lawsuits.  Americana Fabrics, Inc. v. L&L

11  Textiles, Inc., 754 F.2d 1524, 1528-29 (9th Cir. 1985).  "Res judicata" includes both claim

12  preclusion and issue preclusion.  See Taylor v. Sturgell, 553 U.S. 880, 892 (2008).

13        Claim preclusion and issue preclusion "are related doctrines used to protect the

14  finality of decisions and prevent the proliferation of litigation." Littlejohn v. United States,

15  321 F.3d 915, 919 (9th Cir. 2003).  "The two doctrines are based on the same general

16  principle:  After a claim or issue is properly litigated, that should be the end of the matter for

17  the parties to that action.  Although the two doctrines are related, they protect distinct

18  values and may be used in different ways."  Id.

19        Claim preclusion "provides that a final judgment on the merits bars further claims by

20  parties or their privies based on the same cause of action." Tahoe-Sierra Pres. Counsel,

21  Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003) (citations and

22  quotations omitted).  "A final judgment on the merits of an action precludes the parties or

23  their privies form relitigating issues that were or could have been raised in that action."

24  Federated Dep't Stores, Inc. v. Moitie, 453 U.S. 394, 398 (1981); see also Alpha

25  Mechanical, Heating & Air Conditioning, Inc. v. Travelers Cas. & Sur. Co. of America, 133

26  Cal. App. 4th 1319, 1326 (2005) (claim preclusion prevents relitigation of same cause of

27  action in a second suit between the same parties or parties in privity with them).

28        Thus, claim preclusion requires three things – (1) identity of claims; (2) a final

1  judgment on the merits; and (3) the same parties, or privity between the parties.  Harris v.

2  Cnty. of Orange, 682 F .3d 1126, 1132 (9th Cir. 2012); Alpha Mechanical, 133 Cal. App.

3  4th at 1326-27.  "Res judicata bars 'not only the reopening of the original controversy, but

4  also subsequent litigation of all issues which were or could have been raised in the original

5  suit.'"  Torrey Pines Bank v. Superior Court, 216 Cal. App. 3d 813, 821 (1989) (citations

6  omitted).

7          "The doctrine of issue preclusion prevents relitigation of all issues of fact or law that

8  were actually litigated and necessarily decided in a prior proceeding."  Robi v. Five Platters,

9  Inc., 838 F.2d 318, 322 (9th Cir. 1988); Littlejohn, 321 F.3d at 923 (issue preclusion bars

10  the relitigation of issues actually adjudicated in previous litigation between the same

11  parties).  A party invoking issue preclusion must show that (1) the issue at stake is identical

12  to an issue raised in the prior litigation; (2) the issue was actually litigated in the prior

13  litigation; and (3) the determination of the issue in the prior litigation must have been a

14  critical and necessary part of the judgment in the earlier action."  Littlejohn, 321 F.3d at

15  923; see also Alpha Mechanical, 133 Cal. App. 4th at 1326-27 (collateral estoppel, or issue

16  preclusion, precludes a party from relitigating issues already argued and decided in prior

17  proceedings).

18          A federal court may examine the res judicata effect of a prior judgment sua sponte.

19  McClain v. Apodaca, 793 F.2d 1031, 1032-33 (9th Cir. 1986).  However, where the parties

20  are not allowed an opportunity to brief the issue before the court's ruling, the Ninth Circuit

21  has held that sua sponte consideration of preclusion is not proper.  See Hawkins v. Risley,

22  984 F.2d 321, 324 (9th Cir. 1993) (citing State of Nevada Employees Ass'n v. Keating, 903

23  F.2d 1223, 1225-26 (9th Cir. 1990)); see also Headwaters Inc. v. U.S. Forest Serv., 399

24  F.3d 1047, 1055 n.6 (9th Cir. 2005).

25          Here, while Wilt did suggest in the motion to dismiss the FAC that plaintiffs' claims

26  should be dismissed because they had previously been alleged and adjudicated, she did

27  not specifically argue application of "res judicata" as such until the reply to plaintiff's

28  opposition to the present motion.  Because plaintiffs have not had an opportunity to brief

the issue, the court finds that further briefing would be helpful, particularly given the similarity between the facts underlying the claims raised in this action and the facts underlying the amended cross-complaint filed by Gwendolyn Smith in the state court unlawful detainer action.

Accordingly, no later than July 3, 2013, plaintiffs shall file a further brief addressing the question whether their claims are barred by res judicata.  Wilt shall file a reply no later than July 11, 2013.  The briefs shall not exceed ten pages.  The court will issue a decision on the papers.  The June 19, 2013 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated:  June 14, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge

United States District Court

For the Northern District of California