UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN SMITH, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BARBARA WILT,<br><br>    Defendant. | Case No. 12-cv-05451-WHO<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 32 |

Currently before the Court is defendant's motion to dismiss plaintiffs' Second Amended Complaint. For the reasons discussed below, that motion is GRANTED and this case is DISMISSED WITH PREJUDICE.

**BACKGROUND**

Plaintiffs Gwendolyn Smith (Smith) and Zeus Harrison Smith filed this action on October 22, 2012, against defendant Barbara Wilt (Wilt). The original complaint alleged state law claims of breach of contract and "false light conspiracy," in connection with a landlord tenant dispute. On February 15, 2013, Wilt filed a motion to dismiss and an anti-SLAPP motion to strike, pursuant to California Code of Civil Procedure § 425.16, or in the alternative, a motion for a more definite statement. On March 1, 2013, plaintiffs filed an opposition to Wilt's motions, but also filed a first amended complaint ("FAC"), alleging claims of breach of contract, "false light," and civil conspiracy to commit invasion of privacy by false light.

On March 18, 2013, plaintiffs filed a motion for leave to file a second amended complaint ("SAC"), to which Wilt filed a statement of non-opposition. The Court granted the motion, and on April 18, 2013, plaintiffs filed the SAC, which alleges claims of breach of contract, fraudulent inducement, fraudulent misrepresentation, and conspiracy to defraud. The claims arise from allegations that defendant Wilt rented a basement unit to plaintiffs in September 2008; that the unit

was uninhabitable and/or not in compliance with building codes; that defendant breached her contract to refurbish the unit as the parties had agreed; that defendant impermissibly entered plaintiffs unit without permission or notice; that defendant had plaintiffs' truck towed; and that defendant harassed plaintiffs with noise. SAC, ¶¶7-30. Plaintiffs attempted to mediate the dispute with Wilt before defendant filed a lawsuit, but Wilt went ahead and filed suit for unlawful detainer in Sonoma County Superior Court. *Id.* ¶ 31. Plaintiffs also allege that "to bolster her indefensible actions and/or draw attention away from the actual facts" defendant also contacted or caused Child Protective Services to be called (who harassed and humiliated plaintiff Zeus Harrison Smith); broke into plaintiffs' unit and removed items; called the Police and Sheriff without cause so that plaintiffs' were harassed by both in California and in Oregon; and that defendant altered and filed perjured documents with the Sonoma County Superior Court. *Id.* ¶ 32.

On May 1, 2013, Wilt filed a motion to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiffs' claims are time-barred. Plaintiffs filed an opposition on May 15, 2013, arguing that the court should find that the complaint is not time-barred, based on application of the discovery rule and the doctrine of equitable tolling. Wilt filed a reply on May 31, 2013, in which she responded to plaintiffs' arguments, and also argued that plaintiffs' claims are barred by res judicata. Because the issue came up in reply, the Court issued an order for further briefing, allowing plaintiffs the opportunity to brief the issue of whether the claims asserted in this case are barred by the doctrine of res judicata. *See* Docket No. 38.[1] Plaintiffs filed their brief on "jurisdiction" (Docket No. 43) and defendant filed a response. Docket No. 44. The issues on the motion to dismiss are now fully briefed and before this Court for decision.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

---

[1] After Judge Hamilton issued the order for supplemental briefing, the case was reassigned to this Court on June 27, 2013.

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**DISCUSSION**

**I.   BREACH OF CONTRACT CLAIM**

Plaintiffs' breach of contract claim is based on allegations that defendant breached the

rental contract's warranties of habitability, quiet enjoyment and good faith. SAC ¶¶ 34-36. Plaintiffs also allege that a material part of the contract was defendants' commitment to improve and repair the unit, which Wilt failed to do.

The Court finds that plaintiffs' breach of contract claim is barred by res judicata.[2] According to the documents submitted for judicial notice by Wilt, Docket No. 16-1, Smith asserted the breach of contract claim – based on the exact same allegations – as a cross-claim in the Sonoma County Superior Court case started by Wilt as an unlawful detainer. RJN at 16-1, Ex. A & B.[3] Plaintiffs admit that defendant filed an unlawful detainer action against plaintiffs. *See* Sonoma County Superior Court, MCV 200294; Docket No. 16-2 at 15-24 (Smith's Answer, Affirmative Defenses and Counterclaim). Because Smith had moved out of Wilt's unit prior to trial, the unlawful detainer was reclassified to an unlimited civil case as SCV 246324. Declaration of Lisa Gygax at 3; *see also* Docket No. 16-2 at 2-14 (Amended Cross-Complaint in SCV 246324); Docket No. 16-3 at 6 (7/12/11 Opinion of California Court of Appeal on appeal from Superior Court judgment).

On the day of trial, neither Smith nor her counsel appeared. The trial court struck the cross-complaint, entered default judgment for Wilt and allowed a "prove up" hearing as to damages, and entered damages of $42,545 in favor of Wilt. Docket No. 16-3 at 2-4; *see also* Docket No. 16-3 at 7. Smith moved for relief from the default judgment, that motion was denied by the trial court, and the denial was affirmed by the Court of Appeal. Docket No. 16-3. The Court of Appeal found that the trial court had sufficient evidence that Smith and her counsel's

---

[2] In the supplemental brief addressing res judicata, plaintiffs repeatedly argue that the Court cannot dismiss based on res judicata without first holding an evidentiary hearing. *See* Docket No. 43 at 1, 9-10. As Judge Hamilton noted, courts are only required to allow litigants the opportunity to address the issue of res judicata before making a decision on the full record, which is exactly what happened here. *See e.g., Hawkins v. Risley*, 984 F.2d 321, 324 (9th Cir. 1993) ("magistrate's sua sponte decision was permissible because defendants presented the issue in their motion for a continuance, the parties had adequate opportunity to examine and contest the application of preclusion, and the district court had the opportunity to make a full review of the record and the conflicting arguments of the parties before accepting the magistrate's recommendation.").

[3] The Court may take judicial notice of the documents filed in as well as the orders and judgments of the California court proceedings between Wilt and Smith for purposes of determining whether plaintiffs' claims are barred by res judicata or the statute of limitations. *See, e.g., Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of the state court opinion for purposes of determining issue preclusion).

4

failure to appear for trial was the most recent attempt to gain tactical advantage and delay, in a long line of delays caused by Smith and her counsel to prevent resolution of the issues before the trial court. *Id*. at 9-10.

In their supplemental brief addressing res judicata required by Judge Hamilton, plaintiffs argue that res judicata cannot bar the breach of contract claim in this case because due to the entry of default, the allegations in Smith's cross-complaint were never actually litigated. As the Ninth Circuit explained in *In re Cantrell*, 329 F.3d 1119, 1124 (9th Cir. 2003), in California collateral estoppel applies to a default judgment where: (1) the defendant had been served and had actual notice of the proceeding and a "full and fair opportunity to litigate"; and (2) where the record shows an "express finding" upon the allegation for which preclusion is sought. *Id*. at 1124. As the *Cantrell* Court noted, the "express finding" requirement is satisfied if an issue was "necessarily decided" in the prior proceeding. *Id*.[4]

Plaintiffs' breach of contract claim is based upon two sets of allegations. First, that Wilt breached the rental contract's warranties of habitability, quiet enjoyment and good faith. SAC ¶¶ 34-36. Second, that Wilt breached her promise to improve and repair the rental. SAC ¶ 37. The state court judge made the following express "findings" in support of the judgment: the parties entered into a written lease agreement; Wilt attempted to perform under the written agreement and bought items from a list provided by Smith; Smith changed the locks on the unit; Smith refused to provide Wilt entry to make repairs; Smith failed to pay rent; and, Smith's conduct had caused Wilt's other tenants to move out of the upper unit. Docket No. 16-3 at 3. The Court concluded that Smith's actions "in detaining the [] premises were willful, with knowledge, and malice" and awarded treble damages. *Id*. at 4.

The Court's express findings in support of the default judgment explicitly addressed, and rejected, the allegations that plaintiffs make in this case: that it was Wilt who interfered with Smith's quiet and good faith enjoyment of the property and that Wilt refused to improve the rental

---

[4] "Res judicata" includes both claim preclusion and issue preclusion. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). In California, issue preclusion is referred to as collateral estoppel. *See Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990).

unit. Instead, the trial court found that it was *Smith's* conduct that interfered with the quiet enjoyment of other tenants on the property and it was *Smith* who prevented Wilt from being able to perform under the agreement to make improvements. These express findings supporting the default judgment make the application of collateral estoppel to the breach of contract claim appropriate. Plaintiffs" claims, regarding the existence of a contact, performance under the contract, and breach were "actually litigated" in the trial court proceedings. *See, e.g., Gottlieb v. Kest*, 141 Cal. App. 4th 110, 148 (2006) ("An issue is actually litigated „[w]hen [it] is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined....""") (quoting *People v. Carter,* 36 Cal.4th 1215, 1240 (2005)). The trial court"s findings regarding the rental contact were necessary to uphold the default judgment and substantiate the award of damages. *See e.g., Four Star Elec., Inc. v. F & H Constr.*, 7 Cal. App. 4th 1375, 1380 (1992).

Plaintiffs also appear to argue that Smith did not have a "full and fair" opportunity to litigate because Smith"s then-counsel attempted to have the superior court trial date continued but was unsuccessful. Docket No. 43 at 3. However, that argument is foreclosed by the findings that the trial court made in denying the motion to set aside the default. The trial judge detailed the extensive opportunities Smith and her counsel had to litigate their case, as well as their "assiduous efforts" to delay the proceedings in state court. Docket No. 16-3 at 9. The trial court, and the Court of Appeal in affirming, found that Smith and her counsel had had more than ample opportunity to fully and fairly litigate Smith"s breach of contract and related claims and defend against Wilt"s claims for damages. *Id*. at 9-10. The breach of contract claim, therefore, is barred by res judicata and cannot be reasserted in this case.

Even if not barred by res judicata, for similar reasons the Court would find the breach of contract claim barred by the *Rooker-Feldman* doctrine, which prevents federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *See, e.g., Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). The Ninth Circuit explained the doctrine as follows: "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker-Feldman bars subject matter jurisdiction in federal district court." *Noel v.*

6

1  *Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).  Here, plaintiffs seek relief from the state court

2  judgment based on their arguments that it was Wilt who breached the rental contract without

3  excuse, contrary to the findings in the trial court.

4    Plaintiffs argue that their fraud allegations prevent the application of *Rooker-Feldman* or

5  res judicata to bar plaintiffs" breach of contract claim.  Docket No. 43 at 6-8.  However, the cases

6  relied on by plaintiffs recognize only that the *Rooker-Feldman* doctrine will not bar a subsequent

7  action against parties for procuring a state court judgment based on extrinsic fraud.  *See, e.g.,*

8  *Kougasian*, 359 F.3d at 1139.  This Court, however, is not applying res judicata or *Rooker-*

9  *Feldman* principles to bar plaintiffs" fraud claims (discussed below), but only the breach of

10  contract claim that was necessarily resolved by the trial court in Sonoma County.

11  **II.  FRAUDULENT INDUCEMENT CLAIM**

12    Plaintiffs" fraudulent inducement claim is based on allegations that plaintiffs were induced

13  to rent the unit based on Wilt"s promise to improve the unit, specifically to construct an exterior

14  wall to replace a garage door.  SAC ¶ 41.  Plaintiffs falsely claim that it was not until February 22,

15  2010, that plaintiffs realized that Wilt"s promises were false because Wilt could not legally rent

16  the unit and could not have legally made the repairs "because it was unlawful to lease out a

17  separate dwelling unit underneath the existing residence."  SAC ¶¶ 42-44.  However,  Smith"s

18  February 2, 2009 answer and affirmative defense to the unlawful detainer case in Sonoma County

19  Superior Court alleges that the unit was not a legal rental, that defendant could not have legally

20  made the promised repairs, and that defendant used fraud to induce plaintiffs to rent. *See* RJN,

21  Docket No. 16-2 at 20-21; *see also* Cross-Complaint, Docket No. 16-2 at 2, 6-7 (dated June 23,

22  2009).

23    Fraud-based causes of action have a three year statute of limitations.  *See* Cal. Code of

24  Civil Procedure § 338(d); *see also Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049,

25  1054 (9th Cir. 2008).  Plaintiffs were admittedly aware of this claim against Wilt as of February 2,

26  2009, and should have filed their fraud-based cause of action no later than February 2, 2012.  The

27  initial complaint in this action – which did not state any fraud-based claims – was filed on October

28

22, 2012. Plaintiffs' claim for fraudulent inducement, therefore, is time-barred as a matter of law.[5]

## III. FRAUDULENT MISREPRESENTATION

Plaintiffs' fraudulent misrepresentation claim is based on allegations that Wilt represented that she was the lessor of a legal rental unit, and therefore "she was an individual with the knowledge of and ability to abide by the rights and responsibilities of business persons engaged in such trade." SAC ¶ 51. Plaintiffs falsely allege that they first discovered that defendant intentionally made the misrepresentation, presumably that she was not able to legally rent the unit, on or about February 22, 2010. *Id.* ¶ 54. In light of the express allegations Smith made in her February 2, 2009 answer and affirmative defense filed in Sonoma Superior Court, this claim is also barred by the statute of limitations.

## IV. CONSPIRACY TO DEFRAUD

Plaintiffs' conspiracy to defraud claim is based on allegations that Wilt, with other specifically identified individuals, "formed a conspiracy" to make the fraudulent misrepresentations alleged in the complaint. SAC ¶ 58. However, the applicable statute of limitations for a civil conspiracy claim is the statute of limitations for the underlying claim. *See, e.g.*, *Keating-Traynor v. AC Square, Inc.*, C08-02907-MHP, 2008 WL 3915169 (N.D. Cal. Aug. 22, 2008) *aff'd sub nom. Keating-Traynor v. AC Square*, 343 F. App'x 214 (9th Cir. 2009). Therefore, the same three year statute of limitations that applies to the fraud causes of action, applies to the conspiracy to defraud cause of action. As such, as this cause of action rests on the same facts supporting the fraudulent inducement and fraudulent misrepresentations claims, it is

---

[5] Moreover, in the original and First Amended Complaints plaintiffs *admit* that "Smith was unaware" of the fact that the unit was illegal and that Wilt was not legally able to construct the promised exterior wall "until an [sic] former architect friend of the family so informed Smith in mid-October, that Defendant required, but could never have obtained, the City's permission to build an exterior wall." Complaint (Docket No. 1) & FAC (Docket No. 22), ¶ 19. Plaintiffs go on to say, "It is likely that Defendant was aware of the above fact." *Id.* ¶ 20. These facts were *removed* from the SAC. The alteration of the allegations about plaintiffs' own knowledge of the fraud, and omission of the contradictory allegations, make plaintiffs' current allegations regarding their delayed discovery of the alleged fraud simply *not plausible*. *See, e.g., Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1145 (N.D. Cal. 2010) (dismissing complaint based on prior, unexplained contradictory allegations).

1 likewise barred by the statute of limitations as a matter of law.

## CONCLUSION

For the foregoing reasons, each of plaintiffs" causes of action in the Second Amended Complaint is barred by res judicata or the statute of limitations.  Plaintiffs have had multiple opportunities to attempt to state actionable claims and fix deficiencies in their complaints, by filing the First Amended Complaint after reviewing Wilt"s first motion to dismiss, and then by filing the Second Amended Complaint.  Plaintiffs do not argue that there are additional facts that could be alleged to save the claims, and given the res judicata and statute of limitations issues identified above, the Court finds there are none.  As such, defendant"s motion to dismiss is GRANTED and plaintiffs" case is DISMISED WITH PREJUDICE.

**IT IS SO ORDERED**.

Dated: October 17, 2013



WILLIAM H. ORRICK
United States District Judge

9